IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Geraldo A. Gonzalez, | Case No. 4:08 CV 1352 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Harley G. Lappin, et al., | |
| Respondents. | |

### INTRODUCTION

On June 4, 2008, *pro se* Petitioner Geraldo Gonzalez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Gonzalez, who is incarcerated at the Northeast Ohio Correctional Center (NEOCC), names Bureau of Prisons (BOP) Director Harley Lappin, Corrections Corporation of America (CCA) President John Ferguson, NEOCC Warden Joseph Gunja, and Immigration and Customs Enforcement (ICE) Director Gary Mead as Respondents. Gonzalez asserts his transfer to a CCA facility based on national origin violates his Fifth and Fourteenth Amendment rights under the Constitution, as well as 18 U.S.C. § 242 and 18 U.S.C. § 4001.

Pending are several preliminary motions. Gonzalez filed a Motion to Proceed in Forma Pauperis (Doc. No. 3), which is granted, and a Motion for Discovery (Doc. No. 3), which is denied. He also filed a Motion to Amend (Doc. No. 4) pursuant to Federal Civil Rule 15(a) and Motion to Supplement (Doc. No. 5) pursuant to Federal Civil Rule 15(b). These Motions are granted. Finally, he filed a Petition for Prohibitory Injunction (Doc. No. 6). The Petition attacks the detainer lodged

against Gonzalez by immigration officials.[1] Petitioner, however, is not in the custody of ICE and, therefore, this Court is without jurisdiction to review his claims. *See* 28 U.S.C. § 2241(c) (providing that a Section 2241 habeas petition will not issue unless the petitioner is in custody). The mere fact that an ICE detainer has been lodged against Gonzalez does not subject him to ICE custody. *Galavis-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994). Thus, the Petition for Prohibitory Injunction is denied.

Petitioner essentially asks this Court to declare the contractual arrangement between CCA and BOP null and void, immediately transfer him to a low-security BOP facility and direct the BOP to provide all inmates the same benefits and privileges regardless of their national origin.

### BACKGROUND

Gonzalez is a Mariel Cuban whose deportation from the United States was ordered some time around 1997. While in federal custody, Petitioner was placed on supervised release on or about April 1, 2005. After violating the terms of his release, he was returned to federal prison.

On April 12, 2008, Gonzalez was "re-classified" to a low-security custody status pursuant to BOP Policy § 5322.12. During the process of re-classification, Petitioner claims he requested a "near release transfer" to be housed closer to his family, but instead was transferred to NEOCC on May 12, 2008 because of his "race, national origin and immigration status" (Pet. at 3).

Petitioner was advised his transfer was the result of a contractual agreement between CCA and the BOP whereby immigrant prisoners with a low-security classification are to be transferred to a CCA facility. Noting that he meets the regulatory definition of an "inmate," as that term is defined

---

[1] In March 2003, the Immigration and Naturalization Service (INS) was abolished and its functions transferred to three bureaus within the Department of Homeland Security. *See* 6 U.S.C. § 291. The immigration enforcement functions of INS were transferred to ICE.

in 28 C.F.R. Part 500.1(c), Gonzalez asserts he is entitled to be treated the same as all other similarly situated low-security inmates. While he does not specify how he is being treated less favorably, Petitioner asserts any arrangement that treats low-security inmates differently based on their national origin or race violates his Fifth and Fourteenth Amendment rights.

In his Amended Petition, Gonzalez claims there are several regulations the BOP has either applied arbitrarily or with which it has failed to comply. In particular, he cites 28 C.F.R. § 524.11, which requires that an inmate be interviewed prior to classification. Petitioner states he was not granted an interview with any staff member before his classification was changed at NEOCC. Examining 28 C.F.R. § 524.13, he claims he was arbitrarily denied participation in a Release Preparation Program "as required by 28 C.F.R. § 571.10," simply because he is a "possible deportable alien." Petitioner further claims that, contrary to regulation, NEOCC does not have a classification appeals procedure for program review. Moreover, he argues he was not given the opportunity to appeal his classification change.

Gonzalez complains further that NEOCC has no Community Confinement program, contrary to the provisions of 28 C.F.R. § 570 - B. Finally, he claims the Warden has failed to comply with 28 C.F.R. § 551.6 because basic hygiene kits are not provided for inmates, and, contrary to 28 C.F.R. § 540.21, inmates are required to purchase writing paper and envelopes from the commissary.

3

## 28 U.S.C. § 2241

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Moreover, the "federal habeas statute draws no distinction between Americans and aliens held in federal custody." *Rasul v. Bush*, 542 U.S. 466, 480 (2004). It is clear from the remedy Gonzalez seeks, that he is challenging neither the length nor duration of his confinement. Instead, it is the manner in which he is serving his sentence that he seeks to change. Specifically, he claims his civil rights, pursuant to the Fifth and Fourteenth Amendments, are being violated by the Respondents.

Constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside the "core" of habeas corpus review and may be brought pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Thus, it is through a civil rights action, rather than habeas petition, that a prisoner may challenge the "conditions of . . . [his] confinement." *Preiser*, 411 U.S. at 498-99.

There is no dispute Petitioner complains Respondents are violating his civil rights by transferring him based on race and failing to provide certain privileges to which he believes he is entitled. Because habeas relief is designed to test the fact or duration of confinement, *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007), this Court cannot grant the relief Petitioner seeks pursuant to 28 U.S.C. § 2241. To the extent Petitioner seeks relief other than release, the appropriate action would be to file a civil rights complaint. *Preiser*, 411 U.S. at 498-99.

In addition to invoking the District Court's jurisdiction under Section 2241, the Petition invokes the Court's jurisdiction under 18 U.S.C. §§ 242 and 4001. These claims must be dismissed for lack of jurisdiction because these statutes address criminal offenses which can be prosecuted only

4

by the proper United States authorities. The cited statutes do not permit private causes of action. *See, e.g., Purk v. United States*, 747 F. Supp. 1243 (S.D. Ohio 1989).

## CONCLUSION

Based on the foregoing, the Petition is denied pursuant 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

                                             August 28, 2008